UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                       CRIMINAL NO. 3:22-CR-131-DJH

CHARLES TUCKER                                                            DEFENDANT

**SENTENCING MEMORANDUM**
*ELECTRONICALLY FILED*

The United States of America, by counsel, Assistant United States Attorney A. Spencer McKiness, files its memorandum in support of sentencing in this action currently scheduled for April 19, 2023. The government is seeking a sentence of 24 months of probation with drug treatment.

I. Factual Background

On or about March 14, 2021, Charles Tucker, who is not an employee of UPS or authorized to access a UPS shipping box, did steal and take from and out of an authorized depository for mail matter, that is a UPS shipping box, located at 9451 Westport Road, Louisville, Kentucky 40241, several packages addressed to different businesses and individuals. (DN 19, PSR, at paras. 2-4). The packages were shipped by individuals who were not Tucker. (Id. at para. 13). Security footage from Westport Road shows that on March 14, 2021, a silver Lincoln Zephyr, owned by Tucker, parked in front of a UPS shipping box on Westport Road. (Id. at para. 14). An occupant of that vehicle accessed the UPS box. (Id. at para. 14). Security video from the Hill & Dale subdivision on March 14, 2021, showed the packages being thrown out of that same silver Lincoln Zephyr. (Id. at para. 13). The vehicle was registered to Charles

Tucker and not reported stolen. (Id. at para. 14). Subsequent surveillance of Tucker's residence showed the Lincoln Zephyr in his driveway. (DN 15 at para. 3).

## II. Crimes of Conviction

On January 18, 2023, Tucker pleaded guilty, pursuant to a Rule 11(c)(1)(B) plea agreement, to the three-count Indictment charging him with three counts of mail theft. (DN 19, PSR, at para. 5).

## III. Guidelines Calculations and Criminal History

The PSR determined Tucker was a criminal offense level 4, with a criminal history category II. (Id. at paras. 9, and 38). The corresponding guideline sentencing range is 0-6 months of imprisonment. (Id. at para. 63). He is facing a combined maximum term of imprisonment of 15 years, and a 3-year term of supervised release. The government has no objections to the criminal history and guidelines calculations contained in the PSR.

The parties have a plea agreement that recommends a sentence of 24 months of probation including a condition of substance abuse treatment, and a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a). Additionally, Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct and is not limited to the counts of conviction.

**A. A 24-month term of probation conditional upon substance abuse treatment is appropriate in this case.**

In cases where the applicable guideline range is in Zone A of the Sentencing Table, USSG §5B1.1(a), states that subject to the exceptions in subsection (b) which do not apply here, "a sentence of probation is authorized." Because Tucker has a total offense level of 4 and a criminal history category of II, the applicable guideline range in this case is in Zone A, making a

term of probation appropriate. (DN 19, PSR, at para. 63). Additionally, §5B1.2(a) advises that when a term of probation is imposed for a level 4 offense, it shall last no more than 3 years. Therefore, a 24-month term of probation is also appropriate.

Finally, §5B1.3(d)(4) recommends two special conditions of probation in substance abuse cases. First, the Court may require the defendant to participate in a substance abuse program which includes drug testing and is approved by the United States Probation Office. Second, the Court may prohibit the defendant's use and possession of alcohol. The government asks that this Court impose a 24-month term of probation with a condition for substance abuse treatment.

Mr. Tucker has an extensive substance abuse history consisting of alcohol, marijuana, cocaine, methamphetamine, LSD, psylocibin, and ecstasy abuse. (DN 19, PSR, at para. 51). Within two or three months of trying methamphetamine for the first time, in 2020, Mr. Tucker was using the substance daily. (Id. at paras. 51-52). His daily use continued until he entered residential treatment at Addiction Recovery Center (ARC) in Louisville, Kentucky in 2022. (Id. at para. 52). After completing their 30-day residential program, he lived in their sober living facility on the treatment's campus for approximately 60 days and participated in intensive outpatient treatment. (Id.). However, Mr. Tucker claims he left the treatment center prior to successful completion because the center did not address a theft of his belongings. (Id.). Mr. Tucker was within several days of graduating when he left. (Id.). He began outpatient treatment at New Beginnings in Louisville, Kentucky on December 1, 2022. (Id.). Following a positive urinalysis on January 3, 2023, the defendant began intensive outpatient treatment there on January 30, 2023. (Id.). He continues to attend three, three-hour individual counseling sessions per week. (Id.). Based on Mr. Tucker's substance abuse and treatment history, which was corroborated by his mother, the government believes that he would benefit from continuing

treatment throughout his probationary period. (Id. at para. 53).

## IV. Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 24 months of probation conditional upon drug treatment.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ A. Spencer McKiness
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-6006
FAX: (502) 582-5097
Spencer.mckiness@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ A. Spencer McKiness
A. Spencer McKiness
Assistant U.S. Attorney